UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| GLENN RAHAN DONEGHY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 17-22-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY PAROLE BOARD | ) | **MEMORANDUM OPINION** |
| and VAN HUSSIN, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Glenn Rahan Doneghy has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint, Doneghy alleges that during a parole hearing in February 2016, Kentucky Parole Board ("KPB") Officer Van Hussin verbally recited information contained within his medical records, including diagnoses for bipolar disorder, schizophrenia, and paranoid schizophrenia, even though members of the general public and the media were present. Doneghy contends that this disclosure violated his rights under the Fourth, Eighth, Ninth, Tenth, and Fourteenth Amendments; the confidentiality provisions of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d ("HIPAA"); and internal policy guidelines of KPB and the Kentucky Department of Corrections. Doneghy seeks $20 million in damages. [R. 1.]

As a threshold matter, KPB is part of the Justice and Public Safety Cabinet, Ky. Rev. Stat. §§ 12.250, 15A.020, an agency of the Commonwealth of Kentucky. As such, it is not a

"person" subject to suit within the meaning of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Warick v. Ky. Justice & Pub. Safety Cabinet*, No. 08-146-ART, 2008 WL 4443056, at *4 (E.D. Ky. Sept. 26, 2008). In addition, it constitutes an "arm of the State" immune from suit in federal court pursuant to the Eleventh Amendment. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Long v. Ky. State Parole Bd.*, No. CIV.A.1:05CV-P21-M, 2005 WL 1949544, at *4 (W.D. Ky. Aug. 12, 2005). Doneghy's constitutional claims against KPB must therefore be dismissed.

With respect to such claims against KPB Officer Van Hussin, in the broadest sense the Fourteenth Amendment[1] to the United States Constitution can be read to protect the privacy of personal medical information, hence generally requiring that it be maintained in confidence. *Cf. Whalen v. Roe*, 429 U.S. 589, 599 (1977). Here, of course, Van Hussin would have valid grounds to recite the information to make it part of the record to explain part of the basis for her substantive decision to deny parole. Regardless, the scope of the privacy right depends on context, and it is considerably narrower for a prisoner. *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). The Sixth Circuit, interpreting *Whalen*, has expressly held that "the Constitution does not encompass a general right to nondisclosure of private information" by government officials. *Doe v. Wiggington*, 21 F. 3d 733, 740 (6th Cir. 1994) (quoting *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981)). The categorical rule established in *DeSanti* has consistently been

---

[1] The nature of the privacy interest at stake and the circumstances under which that interest is implicated govern which constitutional amendment provides the source for the privacy right at issue. Neither the Ninth nor the Tenth Amendment have any apparent relevance to Doneghy's claim. The Eighth Amendment is not implicated because the disclosure at issue cannot in any sense be deemed part of the punishment imposed for Doneghy's crimes, whatever they may be. The Fourth Amendment does protect certain privacy interests, but it typically does so in the face of "searches and seizures," neither of which transpired here. Where private information has been disclosed outside of that context, courts routinely analyze such claims under the Fourteenth Amendment, and the Court adopts that mode of analysis here.

read to preclude any "generic" Fourteenth Amendment claim for the disclosure of private information. *Cf. Treesh v. Cardaris*, 2010 WL 3001738, at *2-4 (S.D. Ohio July 30, 2010). Even assuming that under some circumstances such a claim could be viable, under facts like those presented here courts have held that the disclosure of mental health records to the parole board to evaluate an inmate's suitability for parole does not state a privacy claim under the Fourteenth Amendment. *Coleman v. Martin*, 63 F. App'x 791, 792 (6th Cir. 2003); *see also Landor v. Hardin*, No. 10-CV-236-GFVT, 2012 WL 1984801, at *3 (E.D. Ky. June 1, 2012).[2]

Second, Doneghy lacks standing to assert a violation of HIPAA's confidentiality rules. HIPAA is designed to protect the privacy of personal medical information by limiting its disclosure, and provides for both civil and criminal penalties for violations of its requirements. 42 U.S.C. §§ 1320d-5, d-6; *Gratton v. United Parcel Service, Inc.*, 2008 WL 4934056, at *4 (E.D.N.Y. 2008). However, HIPAA only expressly provides the authority to enforce its provisions to the Secretary of Health and Human Services. *Sneed v. Pan American Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). While Doneghy alleges that the defendants violated his rights under HIPAA, the Supreme Court has stressed that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Federal courts have therefore consistently held that a private citizen lacks standing to sue a covered entity for a violation of HIPAA. *Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th

---

[2] The Court further notes that Doneghy does not allege that he suffered any physical injury, or any harm at all, as a result of the conduct complained of, precluding the remedy he seeks. 42 U.S.C. § 1997e(e).

Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). The Court will therefore dismiss Doneghy's HIPAA claim with prejudice.

Finally, Doneghy asserts that defendants' actions violated certain internal procedures of KDOC and KPB, as well as a Kentucky statute regarding "misuse" of confidential information. The Court does not reach the merits of these claims, as a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, it is **ORDERED** as follows:

1. Doneghy's claims under § 1983 and HIPAA [R. 1] are **DISMISSED WITH PREJUDICE**. Doneghy's claims arising under state law are **DISMISSED WITHOUT PREJUDICE**; and

2. This matter is **STRICKEN** from the active docket.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge